# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VAN D. WILSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:14CV72 RWS |
| TROY STEELE, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it appears that petitioner has not fully presented his claims to the Missouri courts, petitioner will be required to show cause why his petition should not be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

### **Background**

On January 16, 2009, petitioner was sentenced to life without parole after being found guilty of murder in the first degree and armed criminal action by a jury in St. Louis City. See State v. Wilson, No. 0722-CR09112-01. Despite the jury's finding of guilty beyond a reasonable doubt, petitioner alleges that he is both factually and legally innocent of the crime. Petitioner further alleges that he was denied due

process because his trial and appellate counsel was ineffective and because the prosecutor withheld exculpatory evidence. Petitioner also attacks several rulings evidentiary rulings by the trial court. Petitioner brings the instant petition seeking to overturn his conviction and sentence.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State . . .

In this case, petitioner states that he was convicted and sentenced of first degree murder and armed criminal action on January 16, 2009. In his petition, he states that he is currently pursuing a Rule 91 habeas corpus petition in Missouri state court, but that the court has not yet ruled on the petition. See Polson v. Bowersox, 595 F.3d 873 (8th Cir. 2010). As a result, petitioner's available state remedies have not yet been exhausted, and the petition is subject to dismissal without prejudice.

Under the aforementioned circumstances, petitioner will be required to show cause, within thirty (30) days of the date of this Memorandum and Order, why his petition should not be dismissed, due to petitioner's failure to fully exhaust his state court remedies.[1]

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, within thirty (30) days of this Memorandum and Order, why his application for writ of habeas corpus shall not be dismissed for failure to fully exhaust his state court remedies.

Dated this 29th day of January, 2014.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that although petitioner states that he has a Rule 91 habeas corpus currently pending in state court, the Court has been unable to confirm this assertion through Missouri Case.Net. In his response to show cause, petitioner should cite the case number under which he has filed his Rule 91 motion, and if possible, provide the Court with a file-stamped copy of the pleading or a copy of the docket sheet showing the case citation.